JUAN JOSÉ PEÑA, peticionario y apelado, *v.* LA ASAMBLEA MUNICIPAL DE SANTA ISABEL, demandada y apelante.

No. 5069.—*Resuelto:* Diciembre 18, 1930.

L. *Tormes,* abogado de la apelante; *T. Bernardini de la Huerta,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Nos pide el apelante que reconsideremos la sentencia que dictamos en este caso el 28 de noviembre último confirmando la del tribunal inferior aprobando un memorándum de costas.

Ese memorándum fué presentado en la corte inferior el 2 de julio último y la cuestión fundamental era si la presentación se hizo después de los diez días que con tal objeto concede la ley. Ésta dice que si la sentencia de la corte de distrito hubiere sido apelada la presentación de dicho memorándum deberá hacerse dentro de los diez días siguientes al en que se hubiere recibido en la corte sentenciadora en primera instancia el aviso oficial de la resolución dictada; y nuestra sentencia confirmatoria se fundó con respecto a esta cuestión en que no constaba de los papeles que teníamos ante nosotros cuándo se recibió en la corte inferior el aviso oficial de nuestra sentencia y que por eso no podíamos declarar que la corte inferior había cometido error al no eliminar el expresado memorándum como presentado fuera del tiempo legal.

En la moción de reconsideración se nos dice que esa creencia nuestra es equivocada porque en la transcripción de los autos para esta apelación consta que la sentencia fué recibida en la corte inferior el 18 de junio y se nos cita la página 8 de ella.

Presentando su caso en la corte inferior el peticionario de las costas recitó el contenido de la ley respecto a cuándo debe ser presentado el memorándum de costas y después agregó: "Presentamos a este respecto el libro de minutas." Después de eso aparece lo siguiente: "Juez. Certifica que la anterior es copia exacta del original, o sea, la sentencia en apelación procedente de la Corte Suprema de Puerto Rico

en junio 18 de 1927." Entonces el demandante dijo: "Pero había vacaciones y no se dió cuenta a la corte, eso consta en el libro de minutas." De ese libro aparece que el 1 de julio, terminado el período de vacaciones de la corte, el secretario dió cuenta a la corte de varias sentencias recibidas de este Tribunal Supremo, entre ellas la dictada en este caso, sin que del mismo aparezca la fecha en que fué recibida.

Aun admitiendo que el juez de la corte inferior pudiera certificar verbalmente "que la anterior es copia exacta del original, o sea, la sentencia en apelación procedente de la Corte Suprema de Puerto Rico en junio 18 de 1927," tal certificación no probaría la fecha en que fué recibida en dicha corte sino a lo sumo que procedía de nuestra corte en 18 de junio de 1927, pero no que ese día, ni cuándo, fué recibida en la corte de Guayama, por lo que los autos no demuestran la fecha del recibo de dicha sentencia, ni aun con la manifestación del demandante de que había vacaciones y no se dió cuenta a la corte, porque esa certificación ha podido llegar a ella en fecha posterior al 18 de junio y anterior al 1 de julio en que la corte comenzó sus sesiones después de las vacaciones.

También se refiere el peticionario en reconsideración a cierta constancia de un récord de este tribunal, diciendo al argumentar su primer motivo de error que el Secretario de la Corte de Distrito de Guayama acusó recibo de nuestra sentencia a nuestra secretaría en carta de junio 21, 1927, según consta en el récord No. 4078 de esta corte, o sea del pleito principal, y que estaba haciendo uso de la regla 40 de nuestro reglamento, suplicándonos lo utilizásemos por haberse referido el apelado a él en la corte inferior.

En la corte inferior hizo el apelado referencia a nuestras constancias en apelación a los efectos de los trabajos profesionales que su abogado había prestado, pues lo que dijo fué que aparecen actuaciones en el Tribunal Supremo de Puerto

Rico con intervención de su letrado y que presentaba como prueba todas las actuaciones de la Corte Suprema. De modo que se limitó al trabajo como abogado y no hizo mención de los demás particulares de esas diligencias o rollo de esa apelación. Si fuera de esas palabras del apelado nuestras diligencias fueron presentadas en la corte inferior originales o en certificación, no consta de la transcripción que tenemos ante nosotros ni, por consiguiente, su contenido.

En cuanto a la regla 40(c), dice así:

"En la apelación de una resolución aprobando un memorándum de costas en que la prueba y otros procedimientos en el recurso de apelación interpuesto contra la sentencia que dió origen al memorándum, hubieren sido elevados previamente a este Tribunal mediante pliego de excepciones, exposición del caso, transcripción de la evidencia, o en otra forma debida, las partes para probar sus respectivas alegaciones pueden referirse a los dichos autos del pleito que dió origen al memorándum y archivar cualquier otra evidencia debidamente autenticada que el juez inferior hubiera tenido ante sí al resolver el memorándum."

El valor de los honorarios de abogado en un memorándum de costas se justifica demostrando el trabajo realizado por él en el pleito, y para evitar que en caso de apelación en los memorándum de costas esas actuaciones tengan que hacerse constar otra vez en una exposición del caso cuando constan ante nosotros en una apelación anterior, fué que se dictó dicha regla. A eso está limitada y no se refiere a otras actuaciones que obren en este tribunal, como la carta a que se refiere el apelante, que por no ser conocida de la corte inferior no puede servir de base para revocar su resolución apelada. Además, habiendo sido aprobada una exposición del caso para esta apelación no es aplicable la regla 40(c) porque estaba hecho el trabajo que por ella se quiere evitar. Por otra parte, cuando un apelante quiere acogerse a los beneficios de esa regla, no basta con que lo diga así en su alegato sino que debe hacer una solicitud independiente en tal sentido para que la parte contraria tenga

oportunidad de oponerse a esa solicitud o de llamar la aten-
ción a cualquier otro particular relacionado con ella.

Aunque en la transcripción que tenemos ante nosotros
se hace referencia a la petición de *certiorari*, a la compare-
cencia en juicio, a la impugnación a una excepción previa, a
una moción eliminatoria y a las diligencias para la aproba-
ción del caso en la anterior apelación, no se han hecho figu-
rar en el presente recurso los términos de la petición de
*certiorari*, de la excepción previa ni de la moción eliminato-
ria para poder comprender la importancia de sus cuestiones
y por tanto del valor de esos trabajos. Pero dice el recu-
rrente que él se acogió en su alegato a la citada regla de esta
corte y que por esto tenemos en nuestros autos las constan-
cias que echamos de menos. Sin embargo, antes hemos di-
cho que esa regla no podemos tenerla en cuenta en el caso
presente.

*La moción de reconsideración debe ser negada.*